UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLEMENT IGWE AGHA,

        Plaintiff,

v.

NNENNA COMFORT AGHA,

        Defendant.

CASE NO. C22-5181-BHS-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Clement Igwe Agha, proceeding pro se, filed this civil action naming Nnenna Comfort Agha as Defendant. Dkt. 1. Plaintiff asserts the existence of this Court's jurisdiction based on a federal question, specifically: "1911. 8 U.S.C. 1325 – Unlawful Entry and Marriage Fraud." *Id*. at 3. He alleges Defendant "is dishonest and continues to lie her way through life cheating, manipulating and lying to people and institutions, and here lying about her marital status under oath while filling out K-1 fiancee visa forms in a US embassy in 2019 with the aim of coming to the US to defraud me." *Id*. at 5. He seeks the payment of expenses incurred during his brief marriage to Defendant. *Id*. The Court, having reviewed the complaint, finds this matter subject to dismissal.

REPORT AND RECOMMENDATION - 1

Unlike state courts, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by the Constitution and statute"). In general, federal jurisdiction exists when either (1) the issues in a case arise under federal law, such as the U.S. Constitution or a federal statute ("federal question jurisdiction"), or (2) the suit arises between citizens of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. Plaintiff bears the burden of establishing his case is properly filed in federal court. *Kokkonen*, 511 U.S. at 377; *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). He must plead sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Under Federal Rule of Civil Procedure 12(h)(3), when subject matter jurisdiction is lacking, the Court "must dismiss the action" and may do so on its own initiative. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982). An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and quoted sources omitted).

In this case, Plaintiff does not identify a sufficient basis for federal jurisdiction. The federal statute he cites as supporting the existence of federal question jurisdiction does not provide a basis for Plaintiff to pursue a civil lawsuit against his former wife. The statute, instead,

sets forth criminal and civil penalties that may be imposed by the United States on a non-citizen for improper entry into the United States, and criminal penalties the United States may impose on an individual for entry into marriage for the purpose of evading immigration laws or for immigration-related entrepreneurship fraud.  8 U.S.C. § 1325.  Nor is there a basis for diversity jurisdiction, as both Plaintiff and Defendant are residents of the same state.  *See also* Dkt. 1 at 5 (showing that the amount in controversy requirement may not be met given the identification of damages of "over $50,000.")

The Court further finds no reasonable basis for concluding the jurisdictional deficiency could be cured by amendment.  If anything, this lawsuit appears to raise issues related to domestic relations or other matters of state law properly addressed in state court.  *See generally Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) ("'The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'") (quoted case omitted).

The Court, in sum and for the reasons set forth above, recommends this case be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).  Plaintiff may, however, submit an amended complaint with Objections to this Report and Recommendation.  An amended complaint must correct the deficiency in the pleading by setting forth a valid basis for this Court's jurisdiction.  It must be filed under the same case number as this one and would operate as a complete substitute for, rather than a mere supplement to, the initial complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 15, 2022**.

Dated this 30th day of March, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge